IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AVOREY BURNS,

                Plaintiff,

v.                                                                  OPINION and ORDER

JAMES PARISH, JOAN HANNULA,                          21-cv-329-jdp
and JANE DOE 1,

                Defendants.

---

Pro se plaintiff Avorey Burns is proceeding on Eighth Amendment claims against staff at two of his previous prisons related to the care he received for his knee injury. Two matters are before the court. First, Burns had until April 22, 2022, to submit an amended complaint identifying defendant Jane Doe 1, a prison nurse. Burns did not do so, so I will dismiss Jane Doe 1 from the case.

Second, defendants James Parish and Joan Hannula move to dismiss the case for Burns's failure to prosecute it, on the ground that Burns has not responded to their discovery requests. Dkt. 13. Specifically, they say that Burns has not produced his medical records or returned an authorization form for use and disclosure of his medical information. In the alternative, defendants ask the court to order Burns to respond to their discovery requests and inform Burns that his case will be dismissed if he does not comply. *Id*.

Burns was given three weeks to respond to defendants' motion to dismiss, and he did not file any response with the court. Normally, a plaintiff's failure to respond to a defendant's motion to dismiss would be grounds for granting the motion. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). But because dismissal with prejudice for failure to prosecute is a harsh penalty, courts are encouraged to warn plaintiffs that their case may be dismissed before

ordering that sanction, especially if they appear pro se. *See McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012).

With that in mind, I conclude that it is appropriate to give Burns one last opportunity to participate in discovery before I dismiss his claim. I will not force Burns to sign the release authorization if he would rather maintain the privacy of his medical information. But without Burns's medical records, defendants cannot prepare a full and adequate defense. I will give Burns a short time to provide defendants with a signed medical authorization form. If he does not do so, I will dismiss his case with prejudice for his failure to prosecute it.

ORDER

IT IS ORDERED that:

1. Defendant Jane Doe 1 is DISMISSED from the case.

2. Defendants' motion to dismiss for failure to prosecute, or, alternatively, to compel discovery responses, Dkt. 13, is GRANTED. Burns may have until October 26, 2022, to provide defendants with a signed medical authorization form. If he does not do so, I will dismiss his case with prejudice.

Entered October 12, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge