IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AVOREY BURNS,

                          Plaintiff,

   v.                                                   OPINION and ORDER

JAMES PARISH and JOAN HANNULA,                21-cv-329-jdp

                        Defendants.

---

Pro se plaintiff Avorey Burns is proceeding on Eighth Amendment claims against staff at two of his previous prisons related to the care he received for his knee injury. Defendants moved to dismiss the case for Burns's failure to prosecute it, on the ground that Burns had not responded to their discovery requests related to his medical records. Dkt. 13. I ordered Burns to provide defendants with a signed authorization form for use and disclosure of his medical information by October 26, 2022, and I warned Burns that if he did not comply, I would dismiss his claims with prejudice. Dkt. 16.

Burns's deadline has passed, and he has not provided defendants with a signed authorization form or copies of his medical records. Dkt. 17. Defendants have renewed their request to dismiss Burns's case with prejudice. *Id.* Dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute is appropriate only in extreme circumstances. *See Palmer v. City of Decatur*, 814 F.2d 426, 428 (7th Cir. 1987). But I conclude that dismissal with prejudice is appropriate here. Burns has not filed anything with the court in several months. He did not respond to defendants' motion to dismiss or to the court's order to provide defendants with a signed authorization form. His failure to participate in discovery has prevented defendants from preparing a full and adequate defense. And I gave Burns explicit

warning about the consequences he would face if he did not provide defendants with his medical information. I will dismiss Burns's claims with prejudice and close the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Avorey Burns's claims in this case are DISMISSED with prejudice for his failure to prosecute them.

2. The clerk of court is directed to enter judgment for defendants and close this case.

Entered November 22, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

2